FILED

98 NOV 17 PM 4:09

U.S. DISTRICT COURT
N.D. OF ALABAMA

Cho

ENTERED

NOV 17 1998

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RUTH EVELYN DALTON, | }<br>} |
| Plaintiff | }<br>}   CIVIL ACTION NO. |
| vs. | }<br>}   97-AR-1061-S |
| CRUMPTON SPRINKLER, INC., | }<br>} |
| Defendant | } |

### MEMORANDUM OPINION

This is a case brought under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621, *et seq.*, by plaintiff, Ruth Evelyn Dalton, against her former employer, defendant, Crumpton Sprinkler, Inc.

Based on the agreed statement of facts contained in the pre-trial order entered on September 10, 1998, and on the evidence offered by Dalton on November 16, 1998, at the non-jury trial of the case (Crumpton Sprinkler, Inc., offered no evidence), the court makes the following findings of fact:

### Findings of Fact

Dalton was first employed by Crumpton Sprinkler on July 31, 1981 as a receptionist/secretary. She was terminated on April 10, 1996, when she was 66 years old. She had been previously given assurances by one or more of defendant's officials acting within their authority, that she could continue in defendant's employ as

1

27

long as she wished. She had, however, also been asked when she planned to retire, suggesting that it was about time for her to retire. At the time of her termination, she planned to work at least two more years. She was replaced by an 18-year-old. One of defendant's motivations for terminating plaintiff was plaintiff's age. Plaintiff reasonably mitigated her damages by seeking and obtaining temporary employment for some period of time. Defendant went out of business approximately one year after plaintiff was terminated, and thereafter had no employees. Plaintiff's lost wages and benefits for the one-year during which she would have been employed but for defendant's non-willful violation of the ADEA was approximately $15,000. Plaintiff's attorneys, who had a written contingent fee arrangement with plaintiff for 40% of any recovery, expended time to the extent of $5,804.18 (including expenses), at their regular lawyer-hourly rates, which the court finds to be reasonable, considering the experience and expertise of plaintiff's counsel.

### Conclusions of Law

The court has jurisdiction pursuant to 28 U.S.C. § 1331.

The only defense offered by Crumpton Sprinkler was its proof through cross-examination of Dalton that it went out of business one year after Dalton's termination. This fact has two impacts on the result. First, it limits Dalton's lost wages and benefits to what she would have received as an employee between her termination

2

and the financial collapse of her former employer. Second, it triggers an application of the Eleventh Circuit's newly discovered, if not startling, principle of law, namely, that the financial condition of a losing defendant must be considered when awarding statutory attorneys fees to a prevailing plaintiff. In *Baker v. Alderman*, ___ F.3d ___, Nos. 94-3291, 95-2983 and 95-3055 (11th Cir. 1998), slip. op. pp. 248-264, the Eleventh Circuit on October 19, 1998, ratcheted into another dimension the holding of *Durrett v. Jenkins Brickyard, Inc.*, 878 F.2d 911 (11th Cir. 1982). *Durrett* had held that the award of a statutory attorneys fee against a losing <u>plaintiff</u> and in favor of a prevailing <u>defendant</u> in a fee-shifting scheme <u>may be</u> influenced by the losing <u>plaintiff's</u> ability to pay. Thereafter, *Nesmith v. Martin-Marietta Aerospace*, 833 F.2d 1489, 1491 (11th Cir. 1987), held that this proposition applies even if the <u>plaintiff's</u> action was frivolous. In other words, if, under a fee-shifting statute, a totally impecunious plaintiff files a totally spurious lawsuit, she should not be punished by the imposition of attorneys fees beyond her capability of being thus punished. This proposition does not sound harsh. It sounds reasonable. It is similar to the Eleventh Circuit's holding in *U. S. v. Remillong*, 55 F.3d 572, 574 (11th Cir. 1995), a criminal case, that an order of restitution must take into account the defendant's ability to pay. See 18 U.S.C. § 3664(a).

In *Baker v. Alderman*, the Eleventh Circuit, citing *Durrett* and

3

*Nesmith*, dramatically altered this concept by pronouncing:

> The law in this circuit is clear that ability to pay should be considered in the award of attorney's fees [to a prevailing plaintiff and against a non-prevailing defendant].

Slip Op. 262 (emphasis supplied). Crumpton Sprinkler has been out of business for over a year. It is defunct and has no ability whatsoever to pay an attorneys fee to prevailing plaintiff, no matter how competent and hardworking were her attorneys. At trial, defendant's counsel did not even have a former officer or director of defendant sitting at counsel table with him. Undoubtedly, the only reason counsel did not ask leave to withdraw was that he knew from experience that this court would not have granted his motion.

Using the *Baker v. Alderman* mandate in fixing plaintiff's attorneys fee, and acknowledging that blood is rarely, if ever, found in a turnip, the "lodestar", which would otherwise predominate in the fixing of an attorneys fee, takes a back seat, and plaintiff's attorneys fee is hereby reduced from the reasonable-from-plaintiff's-perspective $5,804.18 to the reasonable-from-both-sides-perspective $2,500.00. The court expresses the wishful hope that plaintiff can collect her attorneys fee, but it is only wishful thinking to believe that plaintiff can collect anything from a corporate shell. At the pre-trial conference, counsel for defendant indicated that the only reason defendant has not filed for bankruptcy is that it would be futile.

4

The court cannot reduce the amount of lost wages and benefits to which plaintiff is entitled under the ADEA. Defendant's ability to pay is irrelevant to that issue, but *Baker v. Alderman* compels the court to substantially discount plaintiff's attorneys fee in consideration of defendant's proven inability to pay. The court hopes that it has discounted plaintiff's attorneys fee enough to meet the standard of *Baker v. Alderman*.

A judgment in favor of plaintiff for $17,500.00 will be entered.

DONE this 17th day of November, 1998.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE